ANA FELÍCITA CUEVAS, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1157.   Submitted November 6, 1944.—Decided December 1, 1944.

*José D. Rodríguez* for appellant.   The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On February 19, 1940, there was recorded in the Registry of Property of Aguadilla a certificate of sale issued on February 10, 1940, by the Collector of Internal Revenue of Lares, by virtue of which a certain property situated in Lares was sold at a public sale for nonpayment of taxes, in favor of doña Ana Felícita Cuevas, said property being

mortgaged in favor of the Puerto Rico Hurricane Relief Commission. The record was made with the curable defect that the certificate failed to state "the name of the person or persons on whom notice of the adjudication had been served in representation of the creditor, P. R. Hurricane Relief Commission."

On August 15, 1944, the purchaser asked the respondent registrar to correct the defect and attached to his application a certificate from the Treasurer of Puerto Rico stating that in the record of the distress proceeding for the sale of the property the following was established:

"That pursuant to Section 315 of the Political Code of Puerto Rico, notice was served, among others, on the person of Mr. 'J. F. Perkins, Appraisal and Collection Manager', in representation of the Puerto Rican Hurricane Relief Commission, on November 14, 1938, as it appears in Form 97, entitled 'Notice of Sale', attached to the record of said distress proceeding, file No. 81; Mr. J. F. Perkins having signed accordingly."

Another certificate signed by the Chief of the Puerto Rican Hurricane Relief Loan Section was likewise attached, from which it appeared that said notice was duly served on and received by Mr. Perkins who at the time of the service "was authorized to sign said notices."

The registrar refused to cure the defect on the ground that "That correction may be effected only through a new certificate of sale issued under the authority of the Treasurer of Puerto Rico . . ."

In order to review that decision the purchaser has brought the present administrative appeal.

The registrar contends that in order to cancel the curable defect in question the certificates attached are not sufficient, but that the Treasurer of Puerto Rico must issue a "certificate of sale entirely new for all legal purposes" and in support of his contention he invokes the cases of *Salgado* v. *Registrar*, 26 P.R.R. 157, and *Llambías* v. *Registrar*, 56 P. R.R. 649.

The *Salgado* case, *supra,* is not applicable to the facts of the case at bar. In that case record of the certificate of sale issued by the Collector was denied because the property was not recorded in the name of the debtor. Later the appellant presented an additional certificate from the Collector wherein the property was identified. Again the registrar denied record thereof, first, because the property described in the additional certificate had a different area than the one recorded; and, second, because the latter appeared encumbered and from the original certificate there is no showing that the creditor had been notified of the distress proceedings. As to the first ground set forth, this court stated that "An additional certificate is not the proper mode to cure the defect, and we doubt if the Collector has any power to certify about anything that does not appear from his own records." As to the second ground, after citing the concluding sentences of § 315 of the Political Code,[1] it said: "To vest the title in the purchaser under a tax sale it was necessary to show that these steps had been taken."

In the case at bar, contrary to what happened in *Salgado* v. *Registrar, supra,* the certificate was recorded, with the curable defect of its failure to state the name of the person on whom service was made in behalf of the mortgage creditor; but it appeared from the certificate that said creditor had been notified. This same question is precisely decided in *Llambías* v. *Registrar, supra,* cited by the respondent. In that case, as in the one at bar, a certificate of sale was recorded with the curable defect of its failure to express the names of the persons on whom service was made in behalf of the owner and of the mortgage creditor, and dis-

---

[1] "In all cases where real estate is embargoed and sold for the payment of taxes the Treasurer of Porto Rico shall notify all persons having a mortgage or other lien on said property of record of such sale and in such notice shall state the date of the sale, the amount for which the property was sold, and such other facts as he may deem advisable."

tinguishing the case of *Moraza* v. *Registrar*, 45 P.R.R. 804[2], the court said at p. 652:

"In the case at bar, however, as stated in the tax sale certificate, notice was served both on the owner and on the mortgagee, *and it still remains to be shown if indeed the notice was valid, because the names of the agents of the owner and of the mortgagee, respectively, had not been stated.* (Italics ours.)

"In our opinion the validity of the tax sale certificate depends on whether the particulars to which the decision of the registrar refers are shown, and so long as such particulars are not proven, the appeal must be dismissed and the decision appealed from affirmed."

Therefore, in the case at bar, it appearing from the original certificate that the mortgage creditor, Puerto Rican Hurricane Relief Commission, was served with notice of the distress proceeding, and there having been established, by virtue of the certificates presented by the appellant, the person who in behalf of said creditor received the notice, the latter is valid and, consequently, so is the certificate of sale.

The decision appealed from must be reversed and the correction of the defect noted is hereby ordered.

---

[2] In this case it was decided that the collector should not have issued the certificate until all the requisites prescribed by law had been complied with, including service of the notice of the sale on the owner, his heirs, or assigns, or on any other person having a right or interest in the property, so that the right of redemption may have been availed of by the interested parties at the proper time.